```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

------------------------------x
                              :
ANJAKNIE ROUNDTREE            :    Civ. No. 3:21CV00992(SALM)
                              :
v.                            :
                              :
CAPITAL VISION SERVICES LP    :    April 29, 2022
and CAPITAL VISION SERVICES,  :
LLC                           :
                              :
------------------------------x
```

**ORDER**

Plaintiff delivered a document to the Clerk's Office at the Hartford courthouse on April 21, 2022, entitled "Motion to File." A copy of that document is attached to this Order. It appears to be an attempt to respond to the Court's Order taking counsels' motions to withdraw under advisement. See Doc. #36. However, the document does not meet even the most basic requirements for filing.

The document does not bear a caption at all. A caption is required on all submissions. See Fed. R. Civ. P. 10(a) (requiring filings to "have a caption with the court's name, a title, a file number, and a Rule 7(a) designation"); see also D. Conn. L. Civ. R. 10 ("The complete docket number, including the initials of the Judge to whom the case has been assigned, shall be typed on each pleading. The date of each pleading shall be included in the case caption."). It is particularly important

1

that a caption be included where, as here, the filing party has multiple lawsuits pending in this District.

The document does not provide the information required if plaintiff wishes to proceed as a self-represented party. See D. Conn. L. Civ. R. 5(b) (requiring appearance to include the "name, address, zip code, ... , telephone number, ... and e-mail address" of the person appearing). Plaintiff has not provided her address, telephone number, or email address. As plaintiff is aware, the Court is uncertain of her current contact information so, again, this is particularly important. See Doc. #39 (order noting that plaintiff's address of record in recently filed case did not match the address provided by her attorneys).

The document is not signed by plaintiff. Indeed, it does not even include plaintiff's full name. Every document filed with the Court must bear a signature. See Fed. R. Civ. P. 11 ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name -- or by a party personally if the party is unrepresented.").

The document does not provide a certificate of service, indicating that it has been provided to all parties. A certificate of service is required. See Fed. R. Civ. P. 5(d) (stating that "if the paper is filed, a certificate of service must be filed with it or within a reasonable time after service" unless the "paper is served by filing it with the court's

electronic-filing system"); D. Conn. L. Civ. R. 5(c) ("Proof of service may be made ... by a certificate of the self-represented party filing the pleading or papers[.]").

The Court understands that plaintiff is self-represented, and is not trained as a lawyer. She is, however, an experienced litigant at this point. She has filed twelve cases in this District as a self-represented party. In this case, she was represented by counsel but has discharged her counsel. See Doc. #33, Doc. #34. "[T]he rationale for affording special solicitude to self-represented litigants is diminished" where, as here, "a self-represented plaintiff has experience with litigation[.]" Johnson v. Vera House, Inc., No. 3:22CV00314(SALM), 2022 WL 824639, at *1 (D. Conn. Mar. 18, 2022). Consequently, "the deference usually granted to pro se plaintiffs need not be expansively drawn" in this case. Johnson v. Eggersdorf, 8 F. App'x 140, 143 (2d Cir. 2001).

Furthermore, even when a self-represented party lacks litigation experience, the party is required to comply with all court rules and orders. See Edwards v. I.N.S., 59 F.3d 5, 8 (2d Cir. 1995) (citations omitted) ("[W]hile a pro se litigant's pleadings must be construed liberally, ... pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them."). Plaintiff is no exception.

The Court has attached to this Order a copy of the District of Connecticut Guide for Self-Represented Litigants. Plaintiff shall also carefully review the Local Rules of Civil Procedure, which are available at [https://www.ctd.uscourts.gov/court-info/local-rules-and-orders](https://www.ctd.uscourts.gov/court-info/local-rules-and-orders). The Federal Rules of Civil Procedure are available at [https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure](https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure).

Also attached to this Order is a blank Notice of Pro Se Appearance form. If plaintiff indeed intends to represent herself in this matter, she must complete and return this form on or before May 11, 2022.

**Plaintiff is advised that failure to comply with Court rules and Orders, or to meet Court-imposed deadlines, may result in dismissal of her case.**

It is so ordered at New Haven, Connecticut, this 29th day of April, 2022.

                                        /s/
                                   HON. SARAH A. L. MERRIAM
                                   UNITED STATES DISTRICT JUDGE